# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KIANA BELL,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION SERVICES A/K/A CCS<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kiana Bell ("Plaintiff") brings this suit against Credit Collection Services a/k/a CCS ("Defendant") to recover the damages owed to her because of the Defendant's violation of the Fair Debt Collection Practices Act.

## PARTIES

1. Plaintiff is an adult female consumer presently residing within Mahoning County, Ohio, which is located within the Northern District of Ohio.

2. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

3. Defendant is a debt collection agency who claims to represent credit grantors on a nationwide basis in the recovery of their overdue payment obligations. Defendant's corporate headquarters is located at 725 Canton Street, Norwood Massachusetts and regularly conducts business in the State of Ohio.

4. Defendant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant regular engages in the collection of consumer debts for others and is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## FACTUAL ALLEGATIONS

9. Plaintiffs reserve the right to amend the Complaint should pertinent facts become known at a later time.

10. Plaintiff is an unsophisticated consumer.

11. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt obligation allegedly owed by Plaintiff to Quest Diagnostics, Inc.

12. On or about August 8, 2020, Defendant forwarded a demand for payment of $313.00. The payment demand did not contain a breakdown of the services provided, only the date of the alleged services, an unidentified file number and an unidentified pin number.

13. Upon information and belief, this was the initial communication Plaintiff received from Defendant.

14. Upon information and belief, Plaintiff was not advised she had the right to dispute the debt Defendant was attempting to collect.

15. Upon information and belief, Plaintiff was not advised she had the right to have verification for the alleged debt mailed to her and Defendant would have to cease all collection efforts until the alleged debt had been verified.

16. Defendant's actions, regardless of intent, were deceptive, unfair, misleading, harmful and inappropriate.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, confusion and aggravation.

18. Defendant's misleading and deceptive conduct materially impacted and shaped Plaintiffs' reactions and course of conduct in response to Defendant's collection efforts.

19. Plaintiff has suffered actual financial loss, including expending costs and assets in dealing with Defendant's conduct.

20. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiffs repeat and alleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including

consumer accounts and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. Defendant, as part of its regular business, is engaged in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary aspect of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e and § 1692g

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations such as, *"The false representation of – the character, amount, or legal status of any debt." 15 U.S.C.§1692e(2)(A)* or *"The use of any false representation or deceptive means to collect or attempt to collect any debtor to obtain information concerning a consumer." 15 U.S.C. §1692e(10).*

28. Further, pursuant to 15 U.S.C. §1692g, the FDCPA requires that within five (5) days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the debt has been paid or initial communication contained among other requirements, a statement that unless the consumer, within thirty (30) days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid and a statement that if the consumer notifies the debt collector in writing within thirty (30) days that the debt, or any portion thereof is disputed, the debt collector will obtain verification thereof and must cease all collection efforts until such verification is provided.

29. Defendant's August 9, 2020 demand letter does not contain the statements as required by §1692g.

30. Plaintiff does not recall receiving any other communications from Defendant within five (5) days of her receipt of the August 9, 2020 collection demand.

31. Defendant's collection demand of August 9, 2020 mislead Plaintiff as to her consumer rights.

32. Upon information and belief, Defendant violated Plaintiff's statutorily provided rights and engaged in conduct in violation of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kiana Bell, prays judgment against Defendants as follows:

33. Plaintiff seeks to recover the following damages and obtain the following relief from Defendants:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff or engaging in any further attempts to collect on this judgment debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 15, 2020                Respectfully submitted,

                                                s/ _Keith M. Minkin_____  (Lead Attorney)
Keith M. Minkin, Esq. Ohio Bar #0034036
13801 Cedar Road, No. 303
South Euclid, OH 44118-2372
216-323-4611
keithminkin@att.net

Recovery Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, CA 90230-6649
(310) 997-0471 (phone)
(866) 286-8433 (fax)
pmulcahy@recoverylawgroup.com